UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHLEEN A. CHAPMAN,<br><br>              Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. C14-5078 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 24), and Plaintiff Kathleen Chapman's ("Chapman") objections to the R&R (Dkt. 25).

On September 24, 2014, Judge Strombom issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Chapman was not disabled. Dkt. 24. On October 8, 2014, Chapman filed objections. Dkt. 25. On October 22, 2014, the Government responded. Dkt. 26.

1  Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's

2  recommended disposition. Rule 72(b) provides as follows:

3  > The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge
4  > may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

5  Fed. R. Civ. P. 72(b)(3).

6  Chapman objects to Judge Strombom's recommended disposition on three

7  grounds. Dkt. 25. First, Chapman argues that the ALJ failed to address a work activity

8  questionnaire completed by her former supervisor, Kathleen Forman ("Forman"). *Id.* at

9  1. Second, Chapman contends that the ALJ erroneously relied on the vocational expert's

10  testimony. *Id.* at 4. Finally, Chapman argues that the ALJ erred in assessing her residual

11  functional capacity ("RFC"). *Id.* at 5.

12  Chapman repeats the arguments that she raised in her opening and reply briefs.

13  *See* Dkts. 18, 23. Judge Strombom thoroughly and properly addressed all of these

14  arguments in the R&R. *See* Dkt. 24. First, Forman's questionnaire did not address

15  Chapman's symptoms or how her impairments affected her ability to work. *Id.* at 12–13.

16  Additionally, the vocational expert identified a job that Chapman was capable of

17  performing. *Id.* at 8–12. Finally, the ALJ's assessment at step three is separate and

18  distinct from the ALJ's assessment of RFC. *Id.* at 4–6. The Court agrees with Judge

19  Strombom's analysis and conclusion in this case.

20  Therefore, the Court having considered the R&R, Chapman's objections, and the

21  remaining record, does hereby find and order as follows:

22

1     (1)     The R&R is **ADOPTED**;

2     (2)     The ALJ's decision is **AFFIRMED**; and

3     (2)     This action is **DISMISSED**.

Dated this 8th day of December, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge